**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

Nos. 07-4085 and 07-4116

———

SCOTT W. ZAHN

v.

CITY OF TRENTON; CITY OF TRENTON POLICE DEPARTMENT;
MICHAEL KRUCHINSKY, Patrol Officer; JOHN DOE OFFICERS (1-5)

MICHAEL KRUCHINSKY,
 <u>Appellant</u>

———

SCOTT W. ZAHN

v.

CITY OF TRENTON; CITY OF TRENTON POLICE DEPARTMENT;
MICHAEL KRUCHINSKY, Patrol Officer; JOHN DOE OFFICERS (1-5)

CITY OF TRENTON,
 <u>Appellant</u>

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 06-cv-03064)
District Judge: Honorable Anne E. Thompson

———

Submitted Under Third Circuit LAR 34.1(a)
February 11, 2010

Before: SLOVITER, ROTH, and TASHIMA,[*] Circuit Judges

(Filed August 11, 2010)

─────

OPINION

─────

TASHIMA, *Circuit Judge*.

Police Officer Michael Kruchinsky appeals the District Court's denial of his motion for summary judgment on the basis of qualified immunity.[1]  Scott Zahn sued Officer Kruchinsky and other defendants, alleging, among other claims, that Officer Kruchinsky had arrested Zahn without probable cause and used unreasonable force against him when Zahn and Officer Kruchinsky became engaged in an altercation after Officer Kruchinsky attempted to serve Zahn with a temporary restraining order.

**I.**

─────────────

[*] Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

[1] The City of Trenton has also appealed from the same order denying summary judgment on the basis of qualified immunity.  A municipality, however, is not entitled to qualified immunity for claims asserted under 42 U.S.C. § 1983, as are Plaintiff's federal claims.  *See Owen v. City of Independence*, 445 U.S. 622, 650 (1980).  We therefore will dismiss the City of Trenton's appeal and will confine our opinion only to the appeal of Officer Kruchinsky.

On July 3, 2004, Officer Kruchinsky went to Zahn's home to serve Zahn with a temporary retraining order ("TRO") that Zahn's wife had obtained against him. The parties' recollections of what happened next are very different. As it was required to do, the District Court drew all inferences in the light most favorable to Zahn, the non-moving party, and took Zahn's allegations as true whenever they conflicted with those of the defendants. *See Bartnicki v. Vopper*, 200 F.3d 109, 114 (3d. Cir. 1999), *aff'd*, 532 U.S. 514 (2001). We do the same, accepting Zahn's version of the facts as true for the purposes of our review of the District Court's denial of Officer Kruchinsky's motion for summary judgment. *Id*.

In his deposition, Zahn testified that after he refused to accept service of the TRO from Officer Kruchinsky, the officer walked away from Zahn's door toward his patrol car and the incident was over at that point. Zahn then called Officer Kruchinsky back to his porch, telling the officer that he was scared that his bipolar wife might be a danger to herself and their children, who were with his wife at the time, but over whom Zahn claimed to have been granted legal custody. Eventually, Officer Kruchinsky declined to help Zahn regain custody of his children and turned to walk back to his patrol car again. At this point, Zahn said he would call the Trenton Police to speak to Officer Kruchinsky's supervisor, and Officer Kruchinsky walked back toward Zahn's front porch again, instructing him not to make the call.

As the District Court recounted, next:

3

> Defendant Kruchinsky positioned himself between plaintiff and the front door. Plaintiff turned away from Officer Kruchinsky and managed to call 911, where he reported that, "I've got a cop out here, I think he's gone nuts." Defendant Kruchinsky yelled "No," and struck Plaintiff's hand with enough force to dislodge the telephone.

Officer Krunchinsky then punched Zahn a number of times, made an unsuccessful attempt to pepper spray Zahn, and hit Zahn in the back of the head with a flashlight. At no point did Officer Krunchinsky advise Zahn that he was under arrest. Laying face down on the landing at the end of the altercation, Zahn was then handcuffed.

## II.

Officer Kruchinsky is entitled to qualified immunity "as long as [his] actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). An officer is entitled to qualified immunity if, "[t]aken in the light most favorable to the party asserting the injury, [] the facts alleged do [not] show the officer's conduct violated a constitutional right" or if the right violated was not clearly established at time of the violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808 (2009). We may "exercise [our] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 129 S. Ct. at 818.

## III.

We have jurisdiction to review the District Court's "denial of a claim of qualified

immunity, to the extent that it turns on an issue of law," as a final decision within the meaning of 28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1995). However, "we lack jurisdiction to review questions of 'evidence sufficiency.'" *Blaylock v. City of Phila.*, 504 F.3d 405, 409 (3d. Cir. 2007). Because the "district court determine[d] 'that there is sufficient record evidence to support a set of facts under which there would be no immunity,' we must accept that set of facts on interlocutory review." *Id.* Therefore, "our jurisdiction to review the District Court's order denying summary judgment depends on whether the defendants' appeal raises pure questions of law or whether it challenges the District Court's determination of which facts were sufficiently supported by evidence." *Id.*

Officer Kruchinsky'a appeal purports to present us with pure questions of law. He argues that he is entitled to qualified immunity for arresting Zahn because a reasonable officer could believe that he had probable cause to arrest Zahn for obstruction of justice under N.J. Stat. Ann. § 2C:29-1(a), for refusing service of the TRO. Officer Kruchinsky also argues that he is entitled to qualified immunity for the amount of force he used against Zahn because the force was reasonable in light of the circumstances, which Officer Kruchinsky describes as "an assault upon a uniformed officer" by Zahn, whom he describes as causing their physical altercation by violently resisting arrest. Although Officer Kruchinsky characterizes these issues as pure questions of law, we conclude that we lack jurisdiction to consider them because they "challenge[] the district court's determination of which facts were sufficiently supported by the evidence." *Blaylock*, 504 F.3d at 409.

5

Officer Kruchinsky's entire appeal is premised on a completely different view of the facts than the one assumed by the District Court and which we must also adopt.

While the District Court assumed that Officer Kurchinksy's arrest of Zahn was premised on the officer's anger that Zahn was calling the Trenton Police Department, Officer Kruchinsky's argument on appeal with respect to the false arrest claim is that he arrested Zahn for refusing to accept service of the TRO. The facts assumed by the District Court make clear that Zahn's refusal to accept service of the TRO did not precipitate his arrest. Rather, according to the District Court, after Zahn refused service, "Officer Kruchinsky responded, 'have it your way,' and turned to leave."

In regard to the excessive force claim, the District Court assumed that "Plaintiff's testimony does not establish that he posed a threat to Defendant Kruchinsky's safety or to others, nor does it demonstrate that he was resisting or evading arrest when the physical confrontation began. According to Plaintiff, Defendant Kruchinsky responded to Plaintiff's telephone calls by knocking the phone out of his hand, punching him at least a couple of times, pushing him against the front railing, striking Plaintiff's head with his flashlight, and bouncing on top of him as Plaintiff lay face down on the landing." Officer Kruchinsky's appeal is premised on an entirely different set of facts. Officer Kruchinsky argues that the force he used was objectively reasonable *assuming that* Zahn first physically attacked him in order to resist arrest. By contrast, according to the version of the facts assumed by the District Court, Officer Kruchinsky never announced an intent to arrest Zahn, but just began

physically attacking him out of the blue.

"To entertain the officer['s] arguments would require us to review the District Court's determination [of which facts are] subject to genuine dispute, which we lack jurisdiction to do under *Johnson v. Jones*." *Blaylock*, 504 F.3d at 411 (discussing *Johnson v. Jones*, 515 U.S. 304 (1995)). Because Officer Kruchinsky "make[s] no arguments regarding [Zahn's claims] that do not ask us to contradict the District Court's determination of which facts are subject to genuine dispute, we will dismiss . . . [the] appeal for lack of jurisdiction under *Johnson v. Jones*."

**IV.**

For the above-stated reasons, we will dismiss these appeals from the order of the District Court denying summary judgment on Plaintiff's federal claims.